## PIERSON & CO., Inc., v. IWAI & CO., Limited.

(District Court, S. D. New York.  August 8, 1921.)

1. Sales ⊂⇒418(2)—Measure for breach of contract by seller.

The measure of damages for breach by the seller of a contract for sale of a commercial article is the difference between the contract price and the market price at the time and place of delivery, unless special circumstances are shown which take the case out of the ordinary rule.

2. Sales ⊂⇒418(2)—Measure for breach of contract by seller held difference between contract price and market price at time and place of delivery.

The fact that, after failure of the seller to make delivery of structural steel for export to Japan within the time fixed by the contract, the buyer was unable to obtain a government export license, held not to render the market price of such steel in Japan, rather than at the time and place of delivery, the measure of damages for seller's breach of contract, in the absence of proof that the buyer had contracted for its sale there.

At Law.  Action by Pierson & Co., Inc., against Iwai & Co., Limited.  On motion by defendant to set aside verdict on its counterclaim. Denied.

Judgment affirmed 285 Fed. 774.

Hill, Lockwood & Redfield, of New York City (Dominic B. Griffin, of Brooklyn, N. Y., of counsel), for plaintiff.

Murray & Hollaman, of New York City (R. D. Murray, of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge.  This is a motion to set aside a verdict directed for the plaintiff on the trial of defendant's counterclaim for alleged breaches of contracts for the sale by the plaintiff to the defendant of steel channels and angles.  I have heretofore held that the plaintiff broke the contracts.  285 Fed. 769.

[1] The merchandise was to be delivered at South Bethlehem, Pa., and no market value at the time and place of delivery has been proved. While the defendant intended to sell the channels and angles in Japan, it was at liberty to dispose of them in this country, and the proper measure of damages was the difference between the contract price and the market price at the time and place of delivery, unless special circumstances can be shown which will take the case out of the ordinary rule of damages.  Delafield v. Armsby Co., 131 App. Div. 572, 116 N. Y. Supp. 71.

[2] The defendant has proved the market value in Japan, and seeks to recover the difference between such market value and the contract price, less the cost of transportation from South Bethlehem to that country.  No contracts for resale in Japan have been proved.  The special circumstances which are thought to justify this proof are the refusal of the United States government to allow export of merchandise of the character in question after January 1, 1918.  If the plaintiff had made delivery before that date, the defendant could have used export licenses which it had obtained, and could have exported and sold the merchandise at a profit in Japan.  The plaintiff was under no obliga-

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion to procure the licenses at any time. I can see no more reason to allow proof of the Japanese market to establish damages in this case than in a case where all the ships had been destroyed by submarines, so that the defendant could not export the goods. The defendant says there was no market here, but means by this, not that there was no market for the purchase of steel channels and angles, but that there was no possibility of exporting them to Japan.

The special damages sought to be recovered must have been within the contemplation of the parties. Hadley v. Baxendale, 9 Exch. 341; Howard v. Stilwell & Bierce Mfg. Co., 139 U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147; Earn Line v. Manati (C. C. A.) 269 Fed. 774. When the contracts were made, the risk of securing licenses for transportation was one which the defendant took, and the plaintiff could never have contemplated the liability to damages because of the inability of the defendant to obtain export privileges. The proximate cause of the damages sought to be recovered was, not the breach of contract, but the refusal of the United States to grant export licenses.

In the case of Delafield v. Armsby Co., 131 App. Div. 572, 116 N. Y. Supp. 71, relied upon by the defendant, there was proof that the defendant's principal had a monopoly of the merchandise in suit, so that the plaintiff could not purchase goods wherewith to fill the contract, either in this country or in England, whither the merchandise was to be sent. For that reason the difference between the contract price and the amount for which the goods had been agreed to be resold was allowed as damages. Here, not only has no resale been proved (which may be unimportant), but the whole cause of action is grounded upon the fact that the defendant could not secure export licenses. That fact introduces an element too uncertain to form a basis for the recovery of damages. It would be no defense to an action by the plaintiff for breach of the contracts (Cooper v. Mundial Trading Co., 105 Misc. Rep. 58, 172 N. Y. Supp. 378; Id., 188 App. Div. 919, 176 N. Y. Supp. 894), and cannot serve as a ground for allowing the defendant to recover damages if the plaintiff has not performed.

The motion to set aside the verdict for the plaintiff on defendant's counterclaim is denied.